UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEJUAN THORNTON-BEY,**<br><br>    Plaintiff,<br><br>        v.<br><br>**EXECUTIVE OFFICE FOR U.S. ATTORNEYS,**<br><br>    Defendant. | Civil Action No. 11-773 (JEB) |

### MEMORANDUM OPINION

*Pro se* Plaintiff Dejuan Thornton-Bey, a federal prisoner in Colorado, brought this action under the Freedom of Information Act, originally seeking a copy of the oath of office taken by United States Attorney Patrick Fitzgerald. He then filed an "Amended Petition" two weeks later seeking Fitzgerald's oaths both in New York and Chicago, the "Commission Document" for Fitzgerald, and the oath of office of another Chicago Assistant United States Attorney named Ronald Safer.

Defendant Executive Office for U.S. Attorneys (EOUSA) has now filed a Motion for Summary Judgment, pointing out that it has released the Fitzgerald oaths and does not possess the Fitzgerald commission or Safer oath. The Court will thus grant the Motion.

**I.     Background**

Plaintiff's first FOIA request – for Fitzgerald's "Commission Form" and oath of office for Chicago – was received on Nov. 4, 2010. See Motion, Attach. 4 (Decl. of David Luczynski) at 2 & Exh. A (Plaintiff's FOIA request). It is unclear whether Plaintiff made a separate FOIA request for the oath of office of Ronald Safer. He cites a FOIA number (11-622) in his

1

"Amended Petition," which the Court construes as an Amended Complaint, but EOUSA does not mention any such request. In any event, EOUSA searched through Fitzgerald's Official Personnel Folder (OPF), located oaths he took upon serving in New York and Chicago, and forwarded them to Plaintiff without redaction. See Luczynski Decl. at 3 & Exh. C (Letter of Oct. 20, 2011, releasing oaths). EOUSA further informed Plaintiff that no commission form was located in Fitzgerald's OPF and that, as Safer was no longer employed by the Department of Justice, Plaintiff would have to seek his records through the National Personnel Records Center (NPRC). Id.

Having thus provided Plaintiff the two documents it could locate and having told him about the other two, EOUSA now moves for summary judgment.

**II.     Legal Standard**

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim. Liberty Lobby, Inc., 477 U.S. at 248. Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits, declarations, or documentary evidence to the contrary. Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

FOIA cases typically and appropriately are decided on motions for summary judgment. Defenders of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009); Bigwood v. United States Agency for Int'l Dev., 484 F. Supp. 2d 68, 73 (D.D.C. 2007). In a FOIA case, the Court may grant summary judgment based solely on information provided in an agency's affidavits or declarations if they are relatively detailed and when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" SafeCard Servs., Inc. v. Sec. & Exch. Comm'n, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting Ground Saucer Watch, Inc. v. Cent. Intelligence Agency, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### III.   Analysis

In seeking summary judgment here, EOUSA points out that it has already provided Plaintiff the two oaths of office for Fitzgerald. The only remaining issues concern Safer's oath and Fitzgerald's commission.

As to Safer's oath, EOUSA has given Plaintiff the name and address of the entity – the NPRC – that possesses records relating to former DOJ employees. See Letter of Oct. 20, 2011, at 1. Plaintiff in his Opposition does not challenge the validity of the search or otherwise argue that Safer's oath should have been maintained by EOUSA. Indeed, by regulation, OPFs of "persons separated from Federal employment . . . must be transferred to the [NPRC]." See 5 CFR § 293.307(a). If Plaintiff truly seeks the oath, he will have to request it of the NPRC at the

address provided him.

As to Fitzgerald's commission, Plaintiff, as best the Court can discern, makes two arguments. First, he appears to argue that EOUSA has a duty to keep commissions. See Opp. at 1. In support, he cites 5 U.S.C. § 2902(c), but that section merely states that the "commissions of . . . United States attorneys . . . shall be made out and recorded in the Department of Justice under the seal of that department and countersigned by the Attorney General." In other words, this section describes how the commissions are prepared, not how or where they should be retained or stored. Indeed, commissions, unlike oaths, are bestowed upon appointed officers, not retained by DOJ.

Plaintiff's larger point – and the obvious basis of his FOIA requests – is that he desires to "'Challenge' the 'Authority' of the U.S. Attorney Patrick J. Fitzgerald . . . who prosecuted him to 32 years [*sic*]." See Opp. at 1. The absence of the commission, he contends, means that Fitzgerald "NEVER was COMMISSION officially by President Bush or the Senate, to act as a U.S. Attorney," id. at 2, and thus "EOUSA should not have allowed him prosecute any cases as well as the, plaintiff on case 02-CR-0444 where I was sentence to 32 years [*sic*]." Id. Such a contention is, of course, far outside the scope of this FOIA suit and is no basis to deny summary judgment.

Even if Plaintiff had challenged the adequacy of the document search – and perhaps he does not because he prefers the result that no commission was found – such challenge would not succeed. "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990)); see also Steinberg v. U.S. Dep't of Justice, 23 F.3d

548, 551 (D.C. Cir. 1994).  To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search.  Perry v. Block, 684 F.2d 121, 126 (D.C. Cir. 1982).  In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA.  Id. at 127.  If the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." Truitt, 897 F.2d at 542.

Here, EOUSA provided the Declaration of David Luczynski, an Attorney Adviser with EOUSA, who explained that Plaintiff's request was forwarded to the Personnel Department, which located Fitzgerald's OPF and searched therein for the relevant documents.  See Luczynski Decl. at 3.  In addition, the Personnel Department determined that Safer was no longer employed by DOJ and his OPF had been transferred to the NPRC.  Id.  Nothing further is required.

### IV.    Conclusion

For the foregoing reasons, the Court will issue an Order this day granting Defendant's Motion and dismissing the case.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: Feb. 24, 2012